IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-732-RLV
(3:07-cr-195-RLV-DCK-3)

| | |
|---|---|
| DARRELL RAY DANTE THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court upon an initial review of Petitioner's Motion to Vacate Sentence, Set Aside or Correct Sentence, filed pursuant 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be DENIED and DISMISSED.

**I. BACKGROUND**

On August 13, 2009, Petitioner was convicted of one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (third superseding indictment); and one count of conspiracy to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (first superseding indictment). Petitioner was sentenced to concurrent terms of 151-months' imprisonment on each count. (3:07-cr-00195, Doc. No. 200: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from his criminal judgment and his conviction became final in September 2009.

On November 5, 2012, Petitioner filed what he denominated as a "Motion/Notice 'A Claim for Relief,'" in addition to alternative pleas for relief, including a motion under Section 2255. (3:12-cv-732, Doc. No. 1 at 1). Because the Court finds that Petitioner's effort is one

1

attacking the legality of his sentence, the Court construes the motion as one brought under Section 2255.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner argues that a recent case decided in the Fourth Circuit, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), entitles him to relief because prior crimes identified in his presentence report ("PSR") did not qualify as predicate convictions for the purpose of calculating his criminal history because he did not receive active terms in jail. (Id. at 2).

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner's argument regarding the amount of active time he received misreads the decision in Simmons. The Simmons decision relied upon the Supreme Court's opinion in Carachuri-Rosendo 130 S. Ct. 2577 (2010) to reach its holding, namely, that the *individual* defendant's criminal record must be examined in order to determine whether he qualified for a prison term in excess of one year. The Fourth Circuit has recently held, however, "that Carachuri claims may not be raised retroactively in collateral proceedings." United States v. Walker, No. 11-6660, 2012 WL 5359506, at *1(4th Cir. filed Nov. 1, 2012) (unpublished) (citing United States v. Powell, 691 F.3d 554 (4th Cir. 2012)). Accordingly, Petitioner's claims for relief in this collateral proceeding must be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 27, 2012

Richard L. Voorhees
United States District Judge