IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
3:12-CV-00732--RLV
(3:07-CR-00195-RLV-DCK-3)

| | |
|---|---|
| DARRELL RAY DANTE THOMAS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's motion to reconsider the ruling denying his motion to vacate, set aside or correct sentence, which he filed pursuant to 28 U.S.C. § 2255.

Petitioner contends, again, in his motion for reconsideration that he is entitled to sentencing relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner's reliance on Simmons is misplaced. The defendant Jason Simmons received an enhanced sentence pursuant to 21 U.S.C. § 851. Prior to the entry of his guilty plea, the Government filed a § 851 notice contending that Simmons' prior conviction for a state marijuana offense qualified as a felony under federal law because a hypothetical defendant with the worst criminal record could have been sentenced to in excess of one year under North Carolina law. See 18 U.S.C. § 921(a)(20) (providing that what qualifies as a felony under this provision must be determined by examining the law of the jurisdiction where the predicate offense was sustained). See Simmons, 649 F.3d at 243.

In Petitioner's case, the Government did not seek to enhance his sentence based on a

1

prior controlled substance offense therefore the holding in Simmons appears to provide him no claim for relief. For the reasons stated in the Court's order of dismissal, (Doc. No. 2), the Court finds that Petitioner's motion for reconsideration should be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion for reconsideration is **DENIED**. (Doc. No. 4).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 24, 2014

Richard L. Voorhees
United States District Judge